IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRACY L. PARKER,

      Petitioner,

vs.                                              Case No. 16–cv–1012–DRH

MAUREEN P. BAIRD

      Respondent.

## MEMORANDUM AND ORDER

**HERDON, District Judge:**

      Petitioner Tracy L. Parker is in the custody of the Bureau of Prisons, housed at the United States Penitentiary in Marion, Illinois. Petitioner pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and was sentenced in 2000 to a 150-month term of imprisonment. *United States v. Parker*, No. 00-cr-20028-MPM-1 (C.D. Ill. 2000). Parker was sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e), based on eight prior Illinois convictions for "violent" felonies, including burglary, residential burglary, and aggravated burglary. Although petitioner has numerous prior convictions, he alleges that his enhancement was specifically based on 1) Illinois Burglary, 94-CF-97 (1994); 2) Illinois Aggravated Battery, 92-CF- 48 (1992); and 3) Illinois Arson, 94-CF-99 (1994).

Additionally, petitioner's original 150 month sentence has been discharged. However, in 2002, petitioner was sentenced to an additional 96 months for attempting to escape while awaiting sentencing on the felon in possession charge. *See United States v. Parker*, 368 F.3d 963 (7th Cir. 2004). Although petitioner's original sentence has expired, for habeas purposes, consecutive sentences are viewed in the aggregate. Petitioner is still considered "in custody" and may challenge the expired 150 month sentence because a successful challenge "would advance the date of his eligibility for release from present incarceration." *Garlotte v. Fordice,* 515 U.S. 39, 41 (1995).

Previously, petitioner attempted to bring a habeas corpus action pursuant to 28 U.S.C. § 2241 in Case No. 13-cv-1110-DRH-CJP. That case was ultimately dismissed because petitioner had not pursued a remedy pursuant to 28 U.S.C. § 2255. (Doc. 13, Case No. 13-1110).

Petitioner has now filed the present action, again pursuant to 28 U.S.C. § 2241, seeking to overturn his sentence. This time, he represents that he has brought an action challenging his sentence pursuant to § 2255 by alleging that *Descamps v. United States*, 133 S.Ct. (2013), and that the § 2255 action was denied as untimely and without merit. See *Parker v. United States of America*, 14-cv-2131 (C.D. Ill. 2015). Petitioner also contends that he is actually innocent of being an Armed Career Criminal because the sentencing court erroneously treated his burglary conviction as a qualifying "violent" felony. Petitioner further contends that under the recent decision in *Mathis v. United States*, 136 S.Ct.

2243 (2016), the Illinois burglary statute should be found indivisible, and therefore broader than the generic crime of burglary.

Specifically, *Mathis* found that a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the ACCA if an element of the crime of conviction is broader than an element of the generic offense because the crime of conviction enumerates various alternative factual means of satisfying a single element. 136 S.Ct. at 2251. Petitioner argues that the Illinois burglary statute that served as a predicate for his ACCA sentence is similar, if not identical, to the Iowa burglary statute at issue in *Mathias*.

## Discussion

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize §

2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id*. *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

The Court of Appeals for the Seventh Circuit has held that § 2255 is only inadequate or ineffective when three requirements are satisfied: 1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; 2) the case was decided after his first § 2255 motion but is retroactive; and 3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

Whether petitioner may utilize the "savings clause" of § 2255(e) depends on whether *Mathis*, which is clearly a statutory interpretation case, *Dawkins v. United States*, 829 F.3d 549, 550 (7th Cir. 2016), is retroactive. It appears that the Court of Appeals for the Seventh Circuit has not yet addressed whether cases seeking to invoke *Mathis* fall under the savings clause, although *Dawkins* suggests that they may. 829 F.3d at 551 ("An independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241.") The government is

therefore directed to submit a response addressing this issue. Furthermore, there is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate; although Petitioner has thoroughly summarized the procedural history of his cases, the records themselves are not before the Court. Therefore respondent Baird will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness argument it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the

pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: October 4, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.10.04 14:06:23 -05'00'

**United States District Judge**