## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRACY L. PARKER,

        Petitioner,

vs.                                          Civil No.   16-cv-1012-DRH-CJP

B. TRUE,

        Respondent.[1]

## MEMORANDUM and ORDER

Tracy L. Parker, an inmate in the custody of the BOP, filed a petition for writ of habeas corpus under 28 U.S.C. §2241. (Doc. 1).

Petitioner was sentenced as an armed career criminal under 18 U.S.C. § 924(e). Relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), he argues that he is entitled to habeas relief because he does not have three prior convictions for violent felonies.

### Relevant Facts and Procedural History

On September 28, 2000, Parker pleaded guilty to one count of possession of a firearm by a convicted felon in the Central District of Illinois. *United States v. Parker*, Case No. 00-CR-20028-MPM (C. D. Ill.). Because he had at least three prior convictions for violent felonies, he was sentenced as an armed career criminal under 18 U.S.C. § 924(e). The government moved for a downward departure, and Parker was sentenced to 150 months imprisonment. Doc. 18,

---

[1] B. True is the now the warden of USP-Marion. Pursuant to Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts and to Fed. R. Civ. P. 25(d), B. TRUE is ordered substituted as respondent herein.

Ex. 1, Docket Sheet from Case No. 00-CR-20028-MPM.[2]

The presentence investigation report stated that Parker qualified as an Armed Career Criminal because he had eight prior convictions for violent offenses. The report lists convictions under Illinois law for four burglaries, two counts of residential burglary, one aggravated battery, and one arson. The report does not specify which of the eight prior convictions the court should rely on in finding that Parker was an Armed Career Criminal. Doc. 18, p. 8.

Parker did not file a direct appeal. He file a motion under 28 U.S.C. § 2255 which was denied in February 2015. *Parker v. United States*, Case No. 14-cv-2131-DGB (C. D. Ill).

## **Present Custody Status**

Petitioner's 150 month sentence has expired. See, Doc. 18, p. 2, n. 1. However, he also pleaded guilty in September, 2002, to charges of conspiracy to escape and attempted escape. Those charges arose out of a scheme to escape from custody while he was awaiting sentencing on the felon in possession charge. He was sentenced to 48 months imprisonment on each charge, to run consecutively to each other and to the 150 month sentence on the felon in possession conviction. See, *U.S. v. Parker*, 368 F.3d 963 (7th Cir. 2004).

For habeas purposes, consecutive sentences are viewed in the aggregate. Parker is still "in custody" and can challenge the expired 150 month sentence because a successful challenge "would advance the date of his eligibility for release from present incarceration." *Garlotte v. Fordice*, 115 S.Ct. 1948, 1952 (1995).

---

[2] The Court uses the document, exhibit and page numbers assigned by the CM/ECF system.

## Applicable Legal Standards

Respondent concedes that *Mathis* is a case of statutory construction which applies retroactively to cases on collateral review.  Doc. 18, p. 6.  Accordingly, petitioner's argument fits within the savings clause of 28 U.S.C. § 2255(h).  See, *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), imposes a mandatory minimum sentence of 15 years on a person who violates 18 U.S.C. § 922(g) and who has three prior convictions for a violent felony or a serious drug offense.   A violent felony is a crime punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, [or] involves use of explosives."  § 924(e)(2)(B).[3]

In determining whether a prior crime counts as a predicate for purposes of the ACCA, a court uses a "categorical approach," looking not to the facts of the prior crime but to the statutory elements of the prior conviction.  *Mathis*, 136 S.Ct. at 2248.  A prior crime qualifies as an ACCA predicate "if its elements are the same as, or narrower than, those of the generic offense."  *Mathis*, 136 S. Ct. at 2247.

The Seventh Circuit has explained how to apply Mathis:

> When the predicate statute "sets out a single (or "indivisible") set of elements to define a single crime," the categorical approach is straight forward. *Mathis*, 136 S.Ct. at 2248. In some statutes however. . . the statute

---

[3] The "residual clause" of the ACCA was declared unconstitutional in *Johnson v. US*, 135 S.Ct. 2551 (2015).  Therefore, petitioner's prior convictions must qualify as violent felonies under one of the two clauses quoted above.

is divisible, that is, it contains within it crimes with different elements. . . . . If statutory alternatives in a criminal statute carry different punishments, then they must be elements of different crimes. *Mathis*, 136 S.Ct. at 2256 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). And so, "[t]he first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means." *Id*. And if the statute with alternatively phrased options contains elements of different crimes, then the court may and should "review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction." *Id*.

*United States v. Enoch*, 865 F.3d 575, 579–80 (7th Cir. 2017).

## Analysis

Petitioner argues that his four prior convictions for burglary are no longer predicate crimes because the Illinois burglary statute under which he was convicted is broader than generic burglary. Respondent concedes that point, but argues that petitioner still has at least three qualifying convictions for violent felonies not counting the four burglaries. Doc. 18, p. 8. Respondent is correct.

**1.     Residential Burglary**

The Seventh Circuit has held that Illinois residential burglary corresponds to generic burglary for purposes of the ACCA. *Smith v. United States*, 877 F.3d 720 (7th Cir. 2017). Parker was convicted under the same statute that was at issue in *Smith*. Therefore, his argument that Illinois residential burglary is not a violent felony must be rejected.

Parker pleaded guilty to two counts of residential burglary, charged in the same case. He argues that the two counts should count for only one prior conviction here.

The Information charged him with residential burglary of two separate

4

"dwelling places" on the same date. Doc. 18, Ex. 4. The addresses are redacted in the Information, but Parker admits that he burgled two different homes. Doc. 21, p. 13. He argues that, because the burglaries took place on the same date with little time in between them, the two burglaries constitute only one predicate crime.

The ACCA requires that predicate offenses be "committed on occasions different from one another." § 924(e)(1). The fact that the state chose to charge the two residential burglaries in the same Information is not dispositive. Where the crimes took place sequentially, not simultaneously, and were separated by enough time that the perpetrator could have changed his mind before committing the second crime, the crimes count separately. *United States v. Elliott*, 703 F.3d 378, 384 (7th Cir. 2012). Parker's crimes involved burglaries of two different residences. The two burglaries were committed sequentially and logic dictates that there must have been enough time for Parker to have changed his mind before burglarizing the second residence. Therefore, his two residential burglary convictions count for two prior violent felonies.

Parker points out in his reply that his two residential burglary convictions were treated as a single conviction for purposes of assessing criminal history points in the presentence investigation report. However, the standard for assessing criminal history points under U.S.S.G. § 4A1.2 is not the same as the standard for determining whether offenses were committed on occasions different from one another for purposes of § 924(e)(1).

### 2. Aggravated Battery

Parker pleaded guilty to one count of aggravated battery.  He was charged with "while committing a battery in  violation of Illinois Revised Statues, Chapter 38, Section 12-3, knowingly and without legal justification caused bodily harm to ____  in that he struck ____ in the face with his hands, knowing ____ to be pregnant.  In violation of Chapter 38, Section 12-4(b)(11)."  Doc. 18, Ex. 6, p. 4.

In order to be convicted of aggravated battery under Illinois law, the defendant first has to be committing a simple battery.  Illinois defines simple battery as: "A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual."  Doc. 18, Ex. 8, p.1.  In *United States v. Lynn*, 851 F.3d 786, 797 (7th Cir. 2017), decided after *Mathis*, the Seventh Circuit held that the simple battery statue is divisible and that Illinois aggravated battery is a violent felony for purposes of the ACCA where the defendant was charged under the "bodily harm" prong of the simple battery statue.  Here, it is clear that Parker was charged under the "bodily harm" prong.  All of petitioner's arguments as to aggravated battery must be rejected under *Lynn.*

### 3. Arson

The version of the Illinois arson statute in effect at the time of Parker's conviction defined arson as:

A person commits arson when, by means of fire or explosive, he knowingly:

(a) Damages any real property, or any personal property having a value of $150 or more, of another without his consent; or

(b) With intent to defraud an insurer, damages any property or any personal property having a value of $150 or more.

Doc. 18, Ex. 10.

Petitioner was charged under clause (a) of the statute. Doc. 18, Ex. 9. He argues that Illinois arson is broader than generic arson because generic arson requires "intentional or malicious" conduct, but the Illinois statute requires only that the defendant act "knowingly."

Generic arson is "the intentional or malicious burning of any property." *United States v. Misleveck*, 735 F.3d 983, 988 (7th Cir. 2013). The Illinois statue uses the term "knowingly," but knowingly damaging a building by fire is not different in any relevant way from intentionally damaging a building by fire. Illinois law recognizes that the Illinois arson statute requires intentionally damaging a building by fire; merely reckless or careless conduct is not enough. *People v. Russ*, 334 N.E.2d 108, 115 (1975), citing *People v. Shelton*, 248 N.E.2d 65, 67 (Ill. 1969). Thus, this Court concludes that Illinois arson is no broader than generic arson and is therefore a violent felony for purposes of the ACCA.

Because Parker had at least three prior convictions for violent felonies, he was properly sentenced as an Armed Career Criminal.

### <u>Conclusion</u>

Accordingly, Tracy L. Parker's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. The Court dismisses with prejudice

Parker's 28 U.S.C. § 2241 petition.  The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2018.02.13 11:07:10
-06'00'

**United States District Judge**

**<u>Notice</u>**

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).